## HILLIAR JACKSON v. THE STATE.

### No. 1055.   Decided December 12.

**Murder—Indictment—Allegation of Weapon or Means Used.**—An indictment for murder which fails to allege the means used or weapon with which the homicide was committed, is fatally insufficient and defective.

APPEAL from District Court of Hill. Tried below before Hon. J. M. HALL.

This appeal is from a conviction for murder of the second degree, the punishment being assessed at imprisonment in the penitentiary for a term of twenty-four years.

Omitting formal allegations, the indictment charged, "that one H. Jackson, in the county of Hill, aforesaid, on or about the twenty-third day of July, in the year of our Lord one thousand eight hundred and ninety-three, with force and arms, did unlawfully, with malice aforethought, murder and kill Sam Crow, by shooting him, the said Sam Crow, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State."

No further statement is necessary.

*J. T. Williams* and *Bounds & Bounds*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Omitting preceding portions, the indictment charges, that appellant "did unlawfully, with malice aforethought, murder and kill Sam Crow, by shooting the said Sam Crow."

It was moved in arrest of judgment, that the indictment was fatally defective, because it failed to allege the means or weapon used by appellant in committing the homicide. We think the motion should have prevailed.

Such has always been the law, and under the common sense indictment act of 1881, this is required. Willson's Crim. Proc., art. 428k, Form No. 2; Drye v. The State, 14 Texas Crim. App., 191; Cudd v. The State, 28 Texas Crim. App., 124. The rule in this respect requires the means or weapon employed in bringing about the homicide must be set forth, if known; and if not known, that fact must be pleaded in appropriate terms. Sheppard v. The State, 17 Texas Crim. App., 74; Walker v. The State, 14 Texas Crim. App., 609.

The judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Judges all present and concurring.